IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOE CASTILLO,

      Plaintiff,

v.                                                                            No. 21-cv-00258-DHU

RUDY HILLE,

      Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER comes before the Court upon Defendant Rudy Hille's First Motion for

Judgement as a Matter of Law, filed August 01, 2023. Doc. 101. Defendant asks the Court to make

a finding that Plaintiff Castillo committed perjury and to vacate the judgement as a sanction. On

August 21, 2023, Plaintiff responded, and Defendant replied on September 12, 2023. Doc.110,

120. Having considered the parties briefs, the record of the case, and applicable law, the Court

finds that the motion is without merit, and shall be **DENIED.**

## I.
## BACKGROUND

The facts of the case have been addressed at length in previous a Memorandum Opinion

and Order (Doc. 94) and by the parties. Therefore, the Court need not restate at length the same

here. In summary, Plaintiff Castillo brought a claim alleging that Defendant Hille violated his

Fourth Amendment right to be free from unreasonable search and seizure by using excessive force

when Officer Hille continuously tased Plaintiff after he was subdued. Doc. 1-2. The Complaint

was original filed in the Second Judicial Court in the State of New Mexico. *Id.* Defendant removed

the action to federal court. Doc. 1. During the discovery phase, Plaintiff provided deposition

testimony and interrogatory answers. Defendant then moved for summary judgment, asserting the

defense of qualified immunity. Doc. 49. The Court denied Defendant's Motion for Summary

Judgement for Dismissal of Excessive Force Claim. *See* Doc. 79, Doc. 94. The case went to trial on April 10, 2023.

On April 11, 2023, at the close of Plaintiff's case, Defendant Hille presented three oral Rule 50(a) motions. Doc. 96 (4/11/23, Trial Transcript at 330-351). Defendant challenged the sufficiency of the evidence based on 1) a qualified immunity defense, 2) sufficiency of the evidence regarding excessive force, and 3) punitive damages. *See id.* As part of the third 50(a) motion made orally after Plaintiff's case, Hille argued that Plaintiff committed perjury. *See id.* at 339-342. On April 13, 2023, after Defendant rested, Defendant again made three oral Rule 50(a) motions. Doc. 98 (4/13/23, Trial Transcript at 686-703). Defendant Hille's motions challenged the sufficiency of the evidence based on 1) a qualified immunity defense, 2) punitive damages and future damages, and 3) a new Rule 50(a) motion on grounds of causation. *See id.* Defendant's motions were all denied, and the case was sent to the jury. Following the five-day trial, the jury returned a verdict in favor of Plaintiff Castillo against Defendant Hille and awarded $180,000 in damages. Doc. 100.

On August 01, 2023, following the entry of judgement, Defendant filed three motions moving the Court for judgement as a matter of law, a new trial, or alternatively remittitur. Defendant's First Motion (Doc. 101) asks the Court to vacate the judgement and make a finding that Plaintiff Castillo committed perjury, for the reasons discussed below the Court finds the First Motion is without merit and is denied.

## II.
## LEGAL STANDARD

Federal courts are conferred with inherent powers "necessary to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630-631 (1962). Of relevance here is the Court's inherent power to vacate a judgment when

a fraud has been perpetrated on the court. *See Chambers v. NASCO*, 501 U.S. 32, 44 (1991). When asserting a claim of fraud, the challenging party "must show by clear and convincing evidence that there was fraud on the court." *Weese v. Schukman*, 98 F.3d 542, 552 (10th Cir.1996).

A court will find fraud when there is a finding of perjury, such as when a party has perjured himself during the discovery process. *See Archibeque v. Atchison, Topeka, and Santa Fe Railway Co.*, 70 F.3d 1172, 1174 (10th Cir.1995); *see also Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir.) (holding that a district judge may dismiss an action for discovery violations). A finding of perjury requires showing that a witness (1) gave false testimony under oath, (2) concerning a material matter, (3) with willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory. *See United States v. Smith*, 81 F.3d 915, 918 (10th Cir. 1996). When issuing a decision, a district court is not required to recite the perjured testimony verbatim. *See U.S. v. Quarrell*, 310 F.3d 664, 682 (10th Cir. 2002); *see also United States v. Massey*, 48 F.3d 1560, 1574 (10th Cir.1995). It is sufficient that the court generally identify the testimony at issue. *See Massey*, 48 F.3d at 1574.

Finally, if fraud is found, before choosing dismissal as a just sanction, a court should consider a number of factors, including: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005) (citing to *Ehrenhaus*, 965 F.2d at 921).

### III.
### DISCUSSION

In his First Motion, Defendant contends that Plaintiff committed perjury as to warrant sanctions. *See generally* Doc. 101. Defendant attacks the testimony pertaining to Castillo's

awareness of an arrest warrant, actions involving pushing Officer Hille's hand away, alleged biting of Officer Hille, and Castillo's history of prior domestic violence incidents and his alleged father's drug abuse. *See generally id.* Plaintiff responds to each allegation and submits that he did not commit perjury because his testimony has been constantly truthful. *See generally* Doc. 110. The Court now addresses the testimony at issue.

### A. Castillo did not provide false testimony when he testified during trial that he could not confirm knowledge of existing arrest warrants at the time of his arrest.

To support a finding of perjury, Defendant Hille alleges that Plaintiff Castillo lied by denying having knowledge of existing arrest warrants. Defendant points to three statements to support this contention. First, that in a request for admission, Castillo admitted that on "March 04, 2018, [he] had outstanding warrants for [his] arrest stemming from probation violations." Doc. 101 at 5. Second, during a deposition, Castillo acknowledged that he was aware of existing warrants on the day of his arrest. *Id.* at 5-6. The third, that at trial, Castillo contradicted himself by stating, "… did I know I had a warrant, no sir, I didn't." Doc. 101 at 7. Plaintiff responds that all statements are truthful because Castillo did not have the technical knowledge to confirm there was or was not a warrant for his arrest. Doc. 110 at 4. Plaintiff adds that these statements did not prejudice Defendant Hille in anyway because Defendant was able to present this information at the summary judgement stage and again during the jury trial. Doc. 110 at 4.

The Court finds that the contested testimony does not support the first element of perjury, false testimony. A finding of perjury requires that a witness (1) gave false testimony under oath, (2) concerning a material matter, (3) with willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory. *See Smith*, 81 F.3d at 918. A review of the trial record and transcript reveals that Castillo consistently indicated that he lacked the knowledge and expertise to confirm the existence of a warrant at the time of his arrest. During deposition

4

testimony, Castillo suggested the possibility of an arrest warrant and again during trial, he offered

that the possibility existed. The relevant transcript from the trial is as follows:

> Q: And so I'm a little unclear. Can you answer for me whether you knew you had warrants on March 04, 2018 or not?
>
> A: It's --- sir, I'm not trying to argue or anything. It's just a juggle. It just depends on the system. If they run the paperwork, you have a warrant, or you don't. So, technically, you don't know if you have warrants or not.

Doc. 96 (4/11/23, Trial Transcript at 132:2-17). The transcript continues:

> Q: So is it fair to say that when the officers contacted you outside of the Allsup's, you knew you were going to jail?
>
> A: It's kind of still like a juggle, like I say, with the paperwork. But, yeah, you kind of know – you cut your bracelet off. Like I say, I knew I cut my bracelet off. But on the knowing, like you just stated, did I know I had a warrant?

Doc. 96 (4/11/23, Trial Transcript at 132:13-22). This testimony suggests that Plaintiff was not

certain that a warrant existed at the time of his arrest. Any negative inferences regarding the

veracity of Castillo's statements were left for the jury at trial. Here, Defendant has not provided

clear and convincing evidence that Castillo's statements were untruthful or that fraud has been

committed.

In absence of clear and convincing evidence that there was fraud, the Court rejects

Defendant's arguments that Castillo committed perjury as to his knowledge of arrest warrants.

Because the Court does not find perjury, dismissal as a sanction is not appropriate.

**B. The different characterizations of the encounter between Castillo and Officer Hille do not support a finding of false testimony.**

Next, Defendant asserts that in a deposition, Castillo refused to acknowledge the contents

of the arrest video, specifically, by denying he pushed Officer Hille's hand away. Doc. 101 at 9.

Defendant maintains that there is also a similar denial in Plaintiff's written declaration and that

5

only during trial did Plaintiff finally confess to pushing Officer Hille's hand away. *Id.* at 9-10. Plaintiff responds that he did not deny pushing away Defendant's hand, he only denied doing so for an unlawful purpose. Doc. 110 at 4.

The Court finds Castillo's testimony on this issue does not support a finding of false testimony. A review of the record indicates that Plaintiff admitted to making contact with Officer Hille. The degree of the contact is what was at issue in this trial, and this issue was a factual issue for the jury to decide. As an example, Plaintiff's declaration reads:

> "Prior to Hille and Hawkins taking me down, I did not push Hille's hand away from me to stop him from performing any official duties. I just recoiled because Hille had pushed me without warning, without provocation, and without giving me any clear orders about what I was supposed to do."

Doc. 52-1. Additionally, it should be noted that the video of Castillo's arrest was introduced to the jury. Therefore, the jurors as triers of fact were ultimately tasked with making factual determinations and weighting the parties' respective evidence. The Court declines to interfere with the jurors' factual determinations and does not find that the parties' different characterizations of the encounter constitute false testimony. *See Smith*, 81 F.3d at 918 (holding that among other factors, a finding of perjury requires showing that a witness gave false testimony under oath). As such, the Court declines to dismiss the judgement as a sanction.

**C. Whether Castillo bit Officer Hille was a factual determination for the jury to determine.**

Defendant next submits that Plaintiff Castillo gave false testimony when he denied biting Officer Hille and instead said the blood on his mouth was the result of him biting his own tongue. Doc. 101 at 12. According to Defendant, Castillo provided three different versions of the incident and the three versions constitute false testimony. *Id.* at 14. In the first version, Castillo claimed that Officer Hille was never on the ground with him during the arrest. *Id.* at 13. In the second

6

assertion, Castillo denied biting Officer Hille and instead stated that his mouth was bleeding because he bit his own tongue. *Id.* at 14. In the third assertion, Castillo denied biting Officer Hille and instead stated that his mouth was bleeding because something hit his mouth. *Id.* Plaintiff responds that he has remained truthful about never biting Officer Hille. Doc. 110 at 5. He adds that it was Officer Hille who contradicted himself regarding the arm he was allegedly bit on. *Id.* at 6. Therefore, he submits that a jury could reasonably infer that Officer Hille was never bitten and that Castillo bit his tongue when Hille hit him in the mouth. *Id.* at 6.

The Court declines to set aside the jury verdict. Jurors are the triers of facts and therefore, "expressions of opinion by the court should be so guarded as to leave the jury free in the exercise of their own judgments." *Starr v. U.S.*, 153 U.S. 614, 625 (1894). In this case, the Court noted there was a "significant factual dispute on whether or not the Plaintiff bit or attempted to bite the officers." Doc. 98 (4/13/23, Trial Transcript at 335). The factual disputes were left for the jury to decide. And while there were different versions of the incident provided by both parties, the Court does not find that these different versions amount to lies. Instead, the Court finds that the weighing of the evidence and the drawing of legitimate inferences from the facts were jury functions, not those of this Court.

**D. Castillo's testimony on the discussion of his father's drug abuse does not constitute perjury.**

In his motion, Defendant also argues that Plaintiff committed perjury when during trial he denied ever seeing his father use drugs. Doc. 101 at 15-16. In support of this position, Defendant submits that during a deposition Castillo admitted to witnessing his father use drugs when he stated he saw his father "party." *Id.* at 18-19. Defendant submits that Plaintiff's use of the term "party" means the use of narcotics. *Id.* Defendant adds that during trial, Castillo denied ever witnessing his father abuse narcotics. *Id.* In response, Plaintiff says this "contradiction is illusory, because it

rests on Hille's supposition that Castillo always used the word "party" to mean "use drugs."" Doc. 110 at 7.

The Court agrees with Plaintiff that this testimony does not constitute perjury. After reviewing the record, briefs, and trial transcript, the Court finds that insufficient foundation was laid to support a presumption that "party" meant the "use of drugs" in each and every instance the word was used. Additionally, even if the Court were to find perjury (which the Court does not find), the Court would be challenged to conclude that Defendant Hille faced a degree of actual prejudice. *See Ehrenhaus*, 965 F.2d at 921 (stating that before choosing dismissal as a just sanction, a court should consider several factors, including the degree of actual prejudice to the defendant). Therefore, the Court declines to vacate the judgement as a sanction.

**E.  Castillo's testimony on the issue of domestic violence does not constitute perjury.**

Finally, Defendant argues that Plaintiff committed perjury by declaring he failed to remember in detail what happened during a domestic violence incident with his partner. Doc. 101 at 15-16. In support of this argument, Defendant submits that during a deposition Castillo testified that he could not remember in detail what happened during a domestic violence incident but later testified in greater detail during trial. Doc. 101 at 19-21. Plaintiff responds that faulty memory is not a basis for a finding of perjury. Doc. 110 at 8.

The Court after reviewing the record, briefs, trial transcript, and witnessing the testimony at trial finds that Castillo did not provide false testimony. Castillo never denied being involved in domestic violence incident and the facts he testified to remain consistent throughout the proceedings. Therefore, the Court declines to find perjury because of Plaintiff's faulty memory. *See Smith*, 81 F.3d at 918 (holding that the elements of perjury are that a witness give (1) gives false testimony under oath (2) concerning a material matter (3) with willful intent to provide false

testimony, rather than as a result of confusion, mistake, or faulty memory). The Court declines to vacate the judgement.

## IV.
## CONCLUSION

The Court finds Defendant's motion for sanctions is without merit. Thus, the Court will neither grant judgement as a matter of law, disturb the jury verdict nor order a new trial.

**IT IS THEREFORE ORDERED** that Defendant's First Motion for Judgement as a Matter of Law, [Doc. 101], is **DENIED.**

_____
HON. DAVID HERRERA URIAS
UNITED STATES DISTRICT COURT