IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOE CASTILLO,

    Plaintiff,

v.                                                                                                      No. 21-cv-00258-DHU

RUDY HILLE,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendant Rudy Hille's Third Motion for Judgement as a Matter of Law, filed August 01, 2023. Doc. 104. On August 21, 2023, Plaintiff responded, and Defendant replied on September 11, 2023. Doc. 112, 119. Having considered the parties briefs, the record of the case, and applicable law, the Court finds that the motion is without merit, and shall be **DENIED.**

## I.
## BACKGROUND

The facts of the case have been addressed at length in previous a Memorandum Opinion and Order (Doc. 94) and by the parties. Therefore, the Court need not restate at length the same here. In summary, Plaintiff Castillo brought a claim alleging that Defendant Hille violated his Fourth Amendment right to be free from unreasonable search and seizure by using excessive force when Officer Hille continuously tased Plaintiff after he was subdued. Doc. 1-2. The Complaint was original filed in the Second Judicial Court in the State of New Mexico. *Id.* Defendant removed the action to federal court. Doc. 1. The case went to trial on April 10, 2023.

On April 11, 2023, at the close of Plaintiff's case, Defendant Hille presented three oral Rule 50(a) motions. Doc. 96 (4/11/23, Trial Transcript at 330-351). Defendant challenged the sufficiency of the evidence based on 1) a qualified immunity defense, 2) sufficiency of the

evidence regarding excessive force, and 3) punitive damages. *See id.* As part of the third 50(a) motion made orally after Plaintiff's case, Hille argued that Plaintiff committed perjury. *See id.* at 339-342. On April 13, 2023, after Defendant rested, Defendant again made three oral Rule 50(a) motions. Doc. 98 (4/13/23, Trial Transcript at 686-703). Defendant Hille's motions challenged the sufficiency of the evidence based on 1) a qualified immunity defense, 2) punitive damages and future damages, and 3) a new Rule 50(a) motion on grounds of causation. *See id.* Defendant's motions were all denied, and the case was sent to the jury. Following the five-day trial, the jury returned a verdict in favor of Plaintiff Castillo against Defendant Hille and awarded $180,000 in damages. Doc. 100.

On August 01, 2023, following the entry of judgement, Defendant filed three motions moving the Court for judgement as a matter of law, a new trial, or alternatively remittitur. The Court addresses Defendant's Third Motion (Doc. 104) and for the reasons discussed below finds the motion is without merit and is denied.

## II.
## LEGAL STANDARD

### A. *Judgement as a Matter of Law*

A court should enter judgment as a matter of law when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). Federal Rule of Civil Procedure 50(b) allows a movant to renew its attack on the sufficiency of the evidence after the trial has ended. Fed. R. Civ. P. 50 (b) provides:

> **(b) Renewing the Motion After Trial; Alternative Motion for a New Trial.** If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment--or if the motion addresses a jury issue not

> decided by a verdict, no later than 28 days after the jury was discharged--the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59. In ruling on the renewed motion, the court may: (1) allow judgment on the verdict, if the jury returned a verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law.

Judgment as a matter of law "should be cautiously and sparingly granted." *Zuchel v. City & County of Denver*, 997 F.2d 730, 734 (10th Cir. 1993). A party is entitled to judgement as a matter of law under Rule 50(b) only if there is no legally sufficient evidentiary basis for a claim under the controlling law. *See Bristol v. Bd. of Cty. Comm'rs*, 312 F.3d 1213, 1216 (10th Cir. 2002); *Wagner v. Live Nation Motor Sports, Inc.*, 586 F.3d 1237, 1244 (10th Cir. 2009) ("A party is entitled to JMOL only if the court concludes that 'all of the evidence in the record ... [reveals] no legally sufficient evidentiary basis for a claim under the controlling law.'")(quoting *Hysten v. Burlington N. Santa Fe Ry. Co.*, 530 F.3d 1260, 1269 (10th Cir. 2008)). Moreover, the Court will consider the evidence and any inferences drawn therefrom in favor of the non-movant. *See Snyder v. City of Moab*, 354 F.3d 1179, 1184 (10th Cir. 2003).

### B. A New Trial

Federal Rule of Civil Procedure 59 governs motions for a new trial. Rule 59(a) provides that, after a jury trial, a court may grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." The "party seeking to set aside a jury verdict must demonstrate trial errors which constitute prejudicial error or that the verdict is not based on substantial evidence." *White v. Conoco, Inc.*, 710 F.2d 1442, 1443 (10th Cir. 1983) (citation omitted). In reviewing a motion for a new trial, the Court must view the evidence in the light most favorable to the non-moving party. *See Griffin v. Strong*, 983 F.2d 1544, 1546 (10th Cir. 1993).

Whether to grant a new trial is a decision committed to the sound discretion of the district court. *See McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556 (1984); *see also Hinds v. General Motors Corp.*, 988 F.2d 1039, 1046 (10th Cir. 1993). Motions for a new trial are "not regarded with favor and should only be granted with great caution." *Franklin v. Thompson*, 981 F.2d 1168, 1171 (10th Cir. 1992); *United States v. Mounkes*, 204 F.3d 1024, 1027-28 (10th Cir. 2000). Such a motion may be granted when the Court believes the verdict to be against the weight of the evidence, when prejudicial error has entered the record, or when substantial justice has not been done. *See McHargue v. Stokes Div. of Pennwalt Corp.*, 912 F.2d 394, 396 (10th Cir. 1990).

### C. Remittitur

Generally, the determination of damages in civil cases is a fact-finder's function. *See Bennett v. Longacre*, 774 F.2d 1024, 1028 (10th Cir.1985). "The trier of the facts, who has the first-handed opportunity to hear the testimony and to observe the demeanor of the witnesses, is clothed with a wide latitude and discretion in fixing damages, pursuant to the court's instructions, deemed proper to fairly compensate the injured party." *Id.* Defendants bear the "heavy burden of demonstrating that the verdict was 'clearly, decidedly, or overwhelmingly against the weight of the evidence.'" *Campbell v. Bartlett*, 975 F.2d 1569, 1577 (10th Cir. 1992). Remittitur is only appropriate when the jury award is "so excessive or inadequate as to shock the judicial conscience and to raise an irresistible inference that passion, prejudice, corruption or other improper cause invaded the trial, the jury's determination of the fact is considered inviolate.'" *Id.* at 1061.

### III.
### DISCUSSION

In his Third Motion, Defendant contends that judgement as a matter of law, a new trial, or alternatively remittitur is warranted in this suit arising from a § 1983 claim. Doc. 104. In support of his position, Defendant presents three main arguments. First, he alleges there was insufficient

4

evidence to warrant a finding that Plaintiff Castillo was "unusually susceptible to injury" or that his existing PTSD was aggravated as a result of the force used by Defendant Hille. *Id.* at 3-4. Second, Defendant alleges that the Court's use of the term "effectively subdued" in the jury instructions was an error. *Id.* Third, Hille argues that the Court erred in instructing the jury to consider whether the office's own conduct contributed to the need for force. *Id.*

On the first argument, Plaintiff responds that Defendant failed to preserve the issue on a Rule 50(a) motion and is barred from bringing a Rule 50(b) motion on the same grounds. Doc. 112 at 1. Plaintiff adds that even if the issue were preserved, Defendant's argument fails because Plaintiff Castillo did not have the evidentiary burden at trial to prove that he was an "eggshell plaintiff" or "unusually susceptible to injury." *Id.* at 3. On the second issue, Plaintiff responds that the Court's use of the term "effectively subdued" was not error because this language tracks with the language in *Perea v. Baca*, 817 F.3d 1198 (10th Cir. 2016). *Id.* at 6. On the third issue, Plaintiff submits that the Court did not err in its instruction to the jury because the 10th Circuit has continually reasserted the Court's obligation to consider an officer's conduct in excessive force situations. *Id.* at 9. The Court now addresses the parties' arguments.

**A. Defendant did not preserve the argument that there was insufficient evidence to warrant a finding that Plaintiff Castillo was "unusually susceptible to injury."**

A motion for a judgment notwithstanding the verdict must have been predicated by a motion for a directed verdict pursuant to Rule 50(a) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 50(b). A review of the record reveals that Defendant Hille did not preserve the argument that there was insufficient evidence to warrant a finding that Plaintiff Castillo was "unusually susceptible to injury" or that his existing PTSD was aggravated as a result of the force used by Defendant Hille. On April 11, 2023, Hille presented three Rule 50(a) motions when Plaintiff Hille rested. The first motion challenged the sufficiency of evidence based on a defense of qualified

immunity; the second motion challenged the sufficiency of the evidence regarding excessive force; and the third motion challenged the punitive damages, including challenges to the veracity of Plaintiff's testimony. Doc. 96 (4/11/23, Trial Transcript 338-339). On April 13, 2023, when Defendant rested his case, Defendant again presented three Rule 50 motions. The grounds of the motions changed, the first motion related to the defense of qualified immunity; the second motion raised issues related to punitive damages and future damages; and the third motion questioned the lack of sufficiency of evidence on the issue of causation. Doc. 98 (4/13/23, Trial Transcript 686-695). Defendant alleges that the third motion raised on April 13, 2023, properly preserves his challenges to the sufficiency of evidence argument to Castillo being "unusually susceptible" to PTSD or that Plaintiff's existing PTSD was aggravated by the incidents with Officer Castillo. Doc. 119 at 3. The Court does not accept Defendant's contention that this third motion challenges the sufficiency of the evidence.

Defendant did not move for JMOL on the issue that Castillo failed to sufficiently prove that he was "unusually susceptible to injury" or that his existing PTSD was aggravated because of the force used by Defendant Hille under Rule 50(a) at any time during this proceeding. *See* Doc. 96 (4/11/23, Trial Transcript 330-351); *see also* Doc. 98 (4/13/23, Trial Transcript 686-703). Instead, Defendant argued that Castillo did not provide sufficient evidence to prove the cause or the start of the injury. Doc. 98 (4/13/23, Trial Transcript 694) (stating "There have been no rebuttal witnesses called and no witness has come forth and said, "wait a minute, the trauma did not start with this mother. The trauma started with the tasing by Officer Hille."). Because Defendants never sought relief under Rule 50(a) before the jury verdict, they cannot now assert a sufficiency of the evidence challenge under Rule 50(b). Fed. R. Civ. P. 50(b); *Trotter v. Todd*, 719 F.2d 346, 350

6

(10th Cir. 1983) ("A motion for a judgment notwithstanding the verdict must be predicated by a motion for a directed verdict pursuant to Rule 50(a)[.]").

The Court also declines to grant a new trial pursuant to Rule 59. Defendant has not met his burden to demonstrate trial errors which constitute prejudicial error or that the verdict is not based on substantial evidence. Remittitur is also not proper because Defendant has not met his burden of demonstrating that the verdict was clearly or overwhelmingly against the weight of the evidence.

**B. The Court does not find that it erred by including "effectively subdued" language in Jury Instruction No. 6 because this instruction provided a correct statement of the law.**

The crux of Defendant Hille's argument is that the Court erred by using the term "effectively subdued" instead of the term "subdued" in Jury Instruction No. 6. Doc. 104 at 9. On this issue, Defendant seeks judgement as a matter of law, a new trial, or in the alternative remittitur. *See generally id.* Jury Instruction No. 6 read:

> With regard to the second element of his excessive force claim, Joe Castillo must prove by a preponderance of the evidence that Officer Rudy Hille intentionally used excessive force against him by continuing to tase him after he had been effectively subdued.
>
> Officer Hille denies Mr. Castillo's claim that he used excessive force and denies that he used unreasonable force after Mr. Castillo was effectively subdued
>
> Mr. Castillo's excessive force claim is analyzed under the Fourth Amendment's objective reasonableness standard. The reasonableness of Officer Hille's use of force must be judged from the perspective of a reasonable officer on the scene.
>
> To determine if Officer Hille's actions were objectively reasonable, you must consider the totality of the circumstances, including 1) the severity of the crime at issue; 2) whether Mr. Castillo posed an immediate threat to the safety of Officer Hille, Officer Jerry Hawkins, or others, and 3) whether Mr. Castillo was actively resisting arrest or attempting to evade arrest by flight.

> As to the severity of the crime at issue, Officer Hille contends that he believed Mr. Castillo committed an aggravated battery on a peace officer when Mr. Castillo intentionally bit him, battery upon a peace officer when he intentionally hit Officer Hawkins, and that Mr. Castillo was resisting arrest. Aggravated battery upon a peace officer and battery upon a peace officer are both felonies. Resisting, evading or obstructing an officer is a misdemeanor. The fact that Mr. Castillo was charged with Aggravated Battery Upon a Peace Officer and Battery upon a Peace Officer does not mean that Mr. Castillo bit or attempted to bite any of the officers because he was not convicted of those alleged crimes. It is up to you as a jury to determine whether those alleged events occurred or did not occur.
>
> As to the immediate threat to officers or others, you may consider whether the officers' own reckless or deliberate conduct during the incident unreasonably created the need to use such force.

Defendant argues that requiring the jury to consider whether Plaintiff was "effectively subdued" at the time he was continuously tased without any guidance as to the meaning of the term, was error. Doc. 104 at 9. Plaintiff responds that the Court did not err by providing this instruction because Defendant agreed to and proposed an instruction that used essentially the same terms. Doc. 112 at 7. Plaintiff also adds that there was no error because this language tracks with the language used by the Tenth Circuit in *Perea,* 817 F.3d 1198. Doc. 112 at 8.

Jury instructions are reviewed as a whole to determine whether the instructions accurately state the governing law and provide the jury with an accurate understanding of the legal standards and factual issues in the case. *See United States v. Pacheco*, 154 F.3d 1236, 1238 (10th Cir.1998); *see also United States v. Grey*, 56 F.3d 1219, 1222 (10th Cir.1995). When jury instructions correctly state the applicable law, the instruction is reviewed for abuse of discretion in the particulars of its wording. *See Vining on Behalf of Vining v. Enter. Fin. Group, Inc.*, 148 F.3d 1206, 1215 (10th Cir. 1998).

In the Tenth Circuit it is clearly established in that "officers may not continue to use force against a suspect who is effectively subdued." *Perea*, 817 F.3d at 1204. Here, while Defendant

Hille objected to the "effectively subdued" language during trial, the language accurately reflected the governing law. Additionally, a review of the record shows that Defendant Hille did not offer an alternative curative instruction. Therefore, the Court does not find a basis for finding that it abused its discretion when it refused to eliminate the term "effectively" from Jury Instruction No. 6. The Court, consequently, does not find that judgement as a matter of law, a new trial, or remittitur is proper.

**C. The Court finds that it did not err by instructing jurors to consider "whether the officers' own reckless or deliberate conduct during the incident unreasonably created the need to use such force" because this is a correct statement of the law.**

Finally, Defendant Hille submits that the Court erred by instructing jurors to consider the officer's own recklessness or deliberate conduct during the incident. Doc. 104 at 14. He adds that this instruction is an improper provocation instruction that is limited to deadly force cases. *Id.* Plaintiff responds that the reckless and deliberate conduct of officers can be part of the overall 'reasonableness analysis' in excessive force cases. Doc. 112 at 9.

Jury instructions are reviewed as a whole to determine whether the instructions accurately state the governing law and provide the jury with an accurate understanding of the legal standards and factual issues in the case. *See Pacheco*, 154 F.3d at 1238; *see also United States v. Grey*, 56 F.3d 1219, 1222 (10th Cir.1995). Jury Instruction No. 6 is provided in whole above, and the relevant portion is reintroduced here:

> As to the immediate threat to officers or others, you may consider whether the officers' own reckless or deliberate conduct during the incident unreasonably created the need to use such force.

Here, a review of the record shows that Defendant did not object to this part of the instruction and did not propose an alternative or curative instruction. Defendant now argues that the language directing jurors to consider the "recklessness and deliberate conduct of officers" in

9

Jury Instruction No. 6 is incorrect because this can only be considered in deadly force cases. The Court is not persuaded. Generally, in evaluating the reasonableness of officers' use of force to effect seizure, a court may consider extent to which officer's reckless conduct prior to use of force during seizure provoked suspect's actions. *See Rosales v. Bradshaw*, 72 F.4th 1145, 1152 (10th Cir. 2023); *see also Jiron v. City of Lakewood*, 392 F.3d 410, 415 (10th Cir. 2004). The Court, therefore, does not find that judgement as a matter of law, a new trial, or remittitur is proper.

## IV. CONCLUSION

In short, the Court finds Defendant's Third Motion (Doc. 104) is without merit. Thus, the Court will neither grant judgement as a matter of law, disturb the jury verdict, nor order a new trial.

**IT IS THEREFORE ORDERED** that Defendant's Third Motion for Judgement as a Matter of Law, [Doc. 104], is **DENIED.**

_____
HON. DAVID HERRERA URIAS
UNITED STATES DISTRICT COURT